IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **RONALD ALBERTO FALLAS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )  **Civil Action No. 1:12-0319** |
| | ) |
| **KAREN F. HOGSTEN, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On January 20, 2012, Petitioner, acting *pro se*, filed in the United States District Court for the District of Columbia a Motion to Proceed *in Forma Pauperis* and an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241. (Document Nos. 1 and 2.) In his Petition, Petitioner requests that the Court require the government to "disclose the grand jury minutes" involving his criminal case. (Document No. 1.) Specifically, Petitioner states as follows:

> The government gave false information to the grand jury so they could get an indictment by telling the grand jury that I, Ronald Fallas, was a Colombian national drug dealer. When in fact I was born in Costa Rica and I am an United States citizen by naturalization for over 25 years with zero criminal records in all my life. The prosecutor argued that I was suspected of other uncharged crimes, a target of a narcotics investigation by the government of Columbia with a warrant in Colombia. The grand jury was getting false information. The independence and integrity of the grand jury was compromised by false testimony of Liliana P. Antonio and the prosecutor's misconduct. The government failed to respond to my FOIA request pursuant to Title 5, Sec. 552(a). I respectfully request the disclosure of the grand jury minutes of this case.

(Id., p. 5.)

By Order entered on January 20, 2012, the District Court for the District of Columbia transferred this matter to this District as Petitioner was incarcerated at FCI McDowell. (Document No. 3.) On February 21, 2012, Petitioner filed a "Motion for Dismissal of Civil Action." (Document

No. 6.) Petitioner states that "after careful consideration, [I] believe it best to dismiss the filing as Karen F. Hogsten is not a party to this action nor does she possess the documents sought via FOIA." (Id.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a petitioner may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Respondent has neither filed an Answer to Petitioner's Section 2241 Application nor otherwise pled. Accordingly, the undersigned respectfully recommends that Petitioner's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Motion to Proceed *in Forma Pauperis* (Document No. 2.), **GRANT** Petitioner's "Motion for Dismissal of Civil Action" (Document No. 6.), **DISMISS** Petitioner's Section 2241 Application (Document No. 1.) without prejudice and remove this matter from the Court's docket.

Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner, who is acting *pro se*.

Date: July 11, 2012.

R. Clarke VanDervort
United States Magistrate Judge